The opinion of the Court was delivered by
Manning, J.
On January 26,1875, AzemaEscande, a married woman, %vas authorized by the judge to effect a loan of money, and to secure its payment by a mortgage upon her separate property. Under this authorization she and her husband appeared before a notary, and with Ids authorization she made her note for $1,891.16 drawing eight per *1194 cent, interest, and executed a mortgage upon a tract of land in Plaque-mine parish to secure its payment. D. K. Carroll became the holder and owner of this note by purchase for value before its maturity.
In June, 1878, more than two years after the note matured, Carroll obtained executory process upon the note and mortgage which was injoined by Mrs. Escande upon the grounds that Carroll was merely a nominal party ; and the note was made .at her husband's request and for his debt; and that she had demanded the note from Deguilliem (who was the payee) who answered that he had been paid except near $400, for which sum she gave him her due bill; and that the note was in Deguilhem’s possession until his death in 1877 when it was abstracted and put on the market.
On the trial these averments were not supported by proof and the injunction was dissolved with $50 damages as attorney’s fee. Her appeal to this Court was dismissed. Opinion Book 51, p. 173.
Mrs. Escande then obtained another injunction, averring that she ■ had never been authorized, either by the judge or her husband, to stand in judgment in the executory proceedings. A rule was taken to dissolve this injunction and was made absolute by the judge in chambers out of the parish. On appeal, this Court held there was error in thus trying and determining the rule, and remanded the cause. Escande vs. Thibault, 32 Ann. 281. The case was again tried below, and final judgment was entered dissolving the injunction with reservation of Carroll’s right to sue hereafter for damages. The plaintiff having appealed from that judgment, the case is before this Court the third time.
The plaintiff was authorized by the judge to make the note and mortgage. She was authorized by her husband also at the moment of their execution, and was assisted by him in that act. No further authorization is needed to empower her to resist executory process for the foreclosure of the mortgage thus executed. Stewart vs. Boyle, 23 Ann. 83.
If it was needed, the order of the judge, obtained by ber, granting the injunction, is of itself an authorization, for he it observed these authorizations are the emptiest of formalities. By a fiction, as bald as to the practitioner it is baseless, the husband is supposed to have graciously given his marital permission to his spouse for the performance of an act she is legally powerless to do without it, while in fact the expression of that permission is hut a piece of professional mechanism. It may well he doubted whether refinements of construction, which are based upon the turn of a sentence, have not already proceeded too far.
The chief reliance of the plaintiff’s counsel upon authority is Delacroix vs. Hart, 23 Ann. 192, wherein, he says, “ this Court after a careful *1195 examination ” held in accordance with his views. In that case Delacroix, having issued nfi.fci. upon a judgment against Hart, and having pu-opounded interrogatories to Mrs. Barrow, a married woman, which were not answered hut were taken pro confessis, held, that authority to the wife to stand in judgment was totally wanting. Its applicability to the present case is not apparent.
Tile pretexts upon which this litigation was commenced, and the failure to make good any one of the sworn allegations of the plaintiff’s first injunction; the persistence in obstructing her creditor’s legal process, and her resort to a second injunction upon frivolous grounds, will be considered by the tribunal that bears the suit for damages upon tlie bond, right to bring which is reserved by the judgment of the lower court which we shall affirm. The defendant Carroll has prayed for ten per cent, damages for a frivolous appeal, and we grant it. Therefore,
It is ordered, adjudged, and decreed that the judgment of the lower court is affirmed, and further that the defendant D. R. Carroll have and recover of the plaintiff Azema Escande ten per centum upon the amount involved in this suit as damages for a frivolous appeal, and his costs in both Courts.
Rehearing refused.